IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BARBARA McGILL,<br><br>   Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF NEBRASKA BOARD OF REGENTS, et al.,<br><br>   Defendants. | 4:06CV3028<br><br>PROTECTIVE ORDER |

**IT IS ORDERED** that the parties' STIPULATION AND AGREED PROTECTIVE ORDER [24] is approved and adopted, as follows:

  1. When used in this order, the word "documents" has the full extent of its meaning as provided in the Federal Rules of Civil Procedure and includes electronically stored information, and all written, recorded or graphic matter whatsoever including interrogatory answers, requests to admit and responses thereto, documents produced by any party to this action whether pursuant to Federal Rules of Civil Procedure 26, 34, by subpoena duces tecum or by agreement, deposition transcripts and exhibits, and any portion of any Court papers which quote from any of the foregoing.

  2. As used in this order, the words "personnel records" means records of current or former employees of the University of Nebraska-Lincoln which may be withheld from disclosure to the public under Neb. Rev. Stat. § 84-712.05(5) and (7) (Supp. 2005) and which are considered confidential under § 1.4.4 of the Bylaws of the Board of Regents of the University of Nebraska.

  3. All documents and disclosure of information pertaining to personnel records and every portion thereof, produced by the Defendants, pursuant to any discovery procedure

or informal exchange of documents in this matter, shall be considered "confidential" for purposes of this order and shall be used by the non-producing parties, their experts and attorneys, only for the preparation for and conduct of proceedings herein and not for any business or other purpose whatsoever. Documents which were prepared by and obtained from any individual, entity or agency other than the defendants or a person acting for the Defendants and which would be discoverable from that entity, agency, or person shall not be deemed confidential for purposes of this order. Upon receiving documents from the Defendants, the Plaintiff shall give written notice to the Defendants of those documents Plaintiff views as not covered by this Protective Order. The Defendants shall then have fourteen days within which to arrive at an agreement for a protective order on some other basis or to file an appropriate motion for a protective order. In the event that no agreement is reached and no motion is filed within the fourteen day time period, this Protective Order shall be deemed not to apply to the documents listed by the Plaintiff in its notice of non-covered documents. For the period of fourteen days following the Plaintiff's delivery of the notice identified in this paragraph and for the period that a motion for a protective order is pending under this paragraph, the information shall be deemed subject to this Protective Order.

    4. Except as hereinafter provided, no confidential documents or disclosure information, nor any portion or summary thereof, produced by the Defendants shall be given, shown, disclosed, or communicated by the parties in any way, directly or indirectly, to any person or entity other than:

    (a)    Counsel for the parties in this action, and their employees;

    (b)    The parties;

  (c) Outside consultants and experts consulted or retained for the purpose of testifying or assisting in the preparation for the conduct of the proceedings herein.

No confidential documents or disclosure information shall be disclosed to persons other than those listed above, unless the party desiring to make such disclosure first notifies counsel for the person to whom the confidential document or disclosure information pertains and that person is given thirty (30) days to consent or object to the proposed disclosure. Parties may question potential lay witnesses regarding the underlying facts contained in personnel records so long as subject's names and/or personally identifiable information is not disclosed.

  5. Before disclosure of any confidential documents is made to any person described in paragraph 4 above, the person to whom disclosure is made shall be informed of the terms of this order and shall agree in writing to be bound by the terms of this order. Counsel for each party shall maintain a file of such written agreements until this action is concluded.

  6. If any party files any confidential documents or disclosure information produced by the Defendants with the Court, or testimony is given concerning disclosure information contained therein, all such documents, testimony and documents incorporating or referring to such disclosure information, shall be filed under seal and shall be maintained under seal of the Court. For the convenience of the parties, the Clerk and the Court, any filing containing both confidential and non-confidential material may be filed entirely under seal.

  7. Notwithstanding the foregoing, this order shall be without prejudice to the right of any party to object to the production of any documents, or any testimony, or inspection upon any appropriate grounds and nothing contained herein shall be construed as a waiver

of any objection which might be raised as to the admissibility at trial of any evidentiary materials.

8. This order is without prejudice to the right of any party to seek relief from the Court from any of the restrictions provided above upon good cause shown or for other grounds provided by applicable law.

9. Prior to the trial of this action, the attorneys for the parties shall meet and attempt to agree on an appropriate form of order to submit to the Court regarding the confidential status, if any, to be afforded documents, testimony, or other information disclosed during the course of the trial. If the parties cannot agree upon an appropriate form of order, the matter will be submitted to the Court for determination prior to trial under terms and conditions established by the Court.

10. At the conclusion of this action all originals or reproductions of all documents subject to this protective order shall be returned to the producing party upon request, or destroyed by the non-producing parties.

**DATED June 1, 2006.**

            **BY THE COURT:**

            s/ F.A. Gossett
            **United States Magistrate Judge**